**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000735**
**18-JUN-2013**
**10:16 AM**

NO. CAAP-12-0000735

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(MASTER FILE NO. 00-1-MFL)
(CIVIL NOS. 98-5731-12 and 98-4706-10)

ORDER DISMISSING APPEAL PURSUANT TO HRAP RULE 30
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that:

(1) On August 24, 2012, Alexander Y. Marn filed pro se a notice of appeal on behalf of Third-Party Defendants-Appellants Alexander Y. Marn, Individually (Appellant Marn), and Alexander Y. Marn and Ernestine L. Marn, as Co-Trustees of the Revocable Living Trust Agreement of Alexander Y. Marn dated June 18, 1991 (Appellant Marn Trust) (collectively, Appellants);

(2) The record on appeal was filed October 23, 2012, and the appellate clerk informed Appellants that the statement of jurisdiction was due by November 2, 2012, and the opening brief was due by December 3, 2012;

(3) Appellants did not file a statement of jurisdiction;

(4) On November 30, 2012, the court extended the due date for the opening brief to December 19, 2012;

(5) On December 13, 2012, the court granted Appellants a second extension for the opening brief to January 18, 2013;

(6) On January 16, 2013, the court granted Appellants a third extension for the opening brief to February 1, 2013;

(7) On January 29, 2013, attorney Joseph W. Huster filed an appearance of counsel for Appellant Marn Trust;

(8) On February 12, 2013, the court granted Appellant Marn Trust a fourth extension for the opening brief to April 5, 2013, and denied Appellant Marn's motion seeking the same extension for the opening brief, leaving the due date for Appellant Marn's opening brief at February 1, 2013;

(9) On April 5, 2013, Appellant Marn Trust filed a joinder in Appellant Marn's opening brief, but Appellant Marn did not file an opening brief;

(10) On May 22, 2013, the appellate clerk informed Appellant Marn and Appellant Marn Trust that the time for filing their respective statements of jurisdiction and opening briefs had expired and, pursuant to Rule 30 of the Hawai'i Rules of Appellate Procedure, the matters would be called to the court's

attention on June 3, 2013, for such action as the court deems proper, which could include dismissal; and

(11) Thereafter, neither Appellant Marn nor Appellant Marn Trust filed a statement of jurisdiction or opening brief, or a response to the default notice.  Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed.

DATED: Honolulu, Hawai'i, June 18, 2013.


Chief Judge

Associate Judge

Associate Judge

-3-